IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVESTER COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1866-D-BN |
| | § | |
| CCI, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action has been referred to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The Court has granted Plaintiff Alvester Coleman leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 8. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent stated below, the Court should dismiss this action.

**Applicable Background**

Coleman, a resident of Balch Springs, Texas, brings this action against companies, individuals, and state and county-level entities alleging that the defendants' failure to provide "Division Order(s)," "in violation of Section 91.504, Texas Natural Resources Code" violates the Freedom of Information Act ("FOIA"). Dkt. No. 3 at 1 ("To this day of July 2017 I have yet to [receive] any Division Orders showing the

true correct decimal payment," "which I do believe is in violation of my Freedom of Information Act...."); *see* TEX. NAT. RES. CODE § 91.504 (providing information that a payor shall provide to a royalty interest owner"); *see, e.g., id.* § 91.504(a) ("If the payor does not explain on the check stub, attachment to the payment form, or other remittance advice, or by a separate mailing, deductions from or adjustments to payments, the payor must provide an explanation by certified mail not later than the 60th day after the date the payor receives a request from the royalty interest owner. The royalty interest owner must send the request by certified mail.").

## Legal Standards and Analysis

Proceeding IFP subjects Coleman's complaint to dismissal without service if it, for example, "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam; emphasis added by *Smith*)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief.

*Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Coleman's claim that the defendants have not provided documents required by the Texas Natural Resources Code "in violation of the FOIA fails to state a claim because those federal provisions apply only to documents under the control of federal agencies." *Wells v. State Attorney Gens. of La.*, 469 F. App'x 308, 309 (5th Cir. 2012) (per curiam) (citing 5 U.S.C. § 552); *see also Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies." (collecting cases)); *see, e.g., Moreno v. Curry*, No. 4:06-cv-238-Y, 2006 WL 3207984, at *2 (N.D. Tex. Nov. 7, 2006) ("As Moreno has named as defendants only municipal and state government employees, FOIA does not apply, and Moreno's claims under FOIA must be dismissed."); *Scott v. Stephens*, No. 3:14-cv-3304-N-BH, 2015 WL 4086919, at *3 (N.D. Tex. July 2, 2015) ("Regardless of whether Petitioner seeks relief under the APA, FOIA, or both, these statutes apply only to federal agencies. Neither statute provides a basis for the relief that he seeks against state officials, so he fails to state a claim." (citations omitted)).

The Court should therefore dismiss Coleman's FOIA claim.

Further, to the extent that Coleman, a self-identified Texas resident, is asserting a state-law violation – for example, a violation of information-providing requirements contained in the Texas Natural Resources Code – the Court lacks diversity jurisdiction

under 28 U.S.C. § 1332, because Coleman has sued defendants such as the Rusk County Clerk's Office, *see* Dkt. No. 3 at 3, and therefore each plaintiff's citizenship is not diverse from each defendant's citizenship, s*ee* 28 U.S.C. § 1332(a); *see, e.g., DeMarsh v. City of Denton, Tex.*, No. 4:16-CV-00089-ALM-CAN, 2016 WL 5402946, at *5 (E.D. Tex. Aug. 30, 2016) ("[I]rrespective of the amount in controversy, this Court lacks diversity jurisdiction over the parties, because Plaintiff, the City of Denton, and Denton County, Texas are each citizens of Texas." (citations omitted)), *rec. adopted*, 2016 WL 5369493 (E.D. Tex. Sept. 26, 2016); *cf. Flander v. Dep't of Pub. Safety*, No. 3:13-cv-4576-B, 2014 WL 238652, at *2 (N.D. Tex. Jan. 22, 2014) (observing that "while supplemental subject-matter jurisdiction can extend to state law claims, 28 U.S.C. § 1367(a), a plaintiff must establish either that federal law creates the cause of action or that the right to relief 'necessarily depends on resolution of a substantial question of federal law' to invoke the federal court's original jurisdiction" and that where neither is established, "this Court has no basis to adjudicate [a plaintiff's] allegations of [state law violations]" (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006))); *Nollner v. S. Baptist Convention, Inc.*, 852 F. Supp. 2d 986, 1001 (M.D. Tenn. 2012) (remanding pendant state law claims upon dismissal of "the only federal cause of action" under Federal Rule of Civil Procedure 12(b)(6) after determining that those "claims do not present a substantial federal question over which the court has original jurisdiction" and that the parties were not diverse).

The Court should therefore dismiss without prejudice any state law claim

asserted.

## Recommendation

The Court should dismiss this action with prejudice as to the claim under the Freedom of Information Act and without prejudice, for lack of jurisdiction, as to any state law claim asserted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE